OPINION of the Court, by
Judge Owsley.
— Reese*. brought an action of trespass against Lawless, and obtained a verdict and judgment for 90 dollars damages an<^ cos,s" After the adjournment of the court at which the judgment was obtained, Lawless exhibited his bill in equity, alleging that since the rising of the court he discovered the deputy sheriff, after the jury withdrew from the bar to consider of their verdict, and withe out the approbation or knowledge of the court, counsel-ecj, advised, and in other respects improperly exercised influence with the jury to find a verdict for Reese ; and prayed and obtained an injunction against the judg-meru at iavr anci as^ed a new trial of the issue in the 1 " aCtlOH at 1.3 VV»
Reese answered the bill, admitted nothing, and denl-j the materia\ allegations in the bill. On a final hear-mg the court below dismissed Lawless s bill with costs and damages : from which decree-he has appealed to j§. COUrt^
The action at law appears to have been brought by: Reese for a trespass committed by Lawless upon a ferry boat, and the evidence in this cause clearly shews that after the jury withdrew from the bar a conversation took place between soijne of them and the deputy sheriff, m which the sheriff observed to the jury one half of the ferry was Reese’s ; and at the request of the jury the sheriff brought and^tead to them the decision of this, court. That both the sheriff and jury were guilty of a gross violation of duty, there can be no doubtj but ■whether that misconduct should subject them only to the just animadversion of the court before whom the trial was bad, or likewise furnish a just cause for a new trial, is the main question.
It is admitted that every possible misconduct of jua rors, after they retire from the bar, does not per se furnish sufficient cause for setting aside their verdict. Thus if the jury should happen to eat or drink at their own expense, without the permission1 of the court, or misdemean themselves in any other wise under circumstances not tending to influence their verdict, although they might thereby subject themselves to punishment, their verdict should not for that cause be set aside, Bui *487 ¾ is not only due to every litigant, but necessary to ati impartial administration of justice, that verdicts should not stand, where the misconduct of the jury relates tc> a subject obviously tending to influence their minds on the matter in contest. Thus if any of the jurors should be found in conference with the party in whose favor their verdict might be found, or ate and drank at his expense, it cannot be doubted but for that cause a new trial should be awarded. And so we apprehend in this case, where the sheriff has been guilty of an express violation of his duty, as well iu conversing with the jury as in handing and reading to them a paper which from aught that appears may not have been used a»evidence on the trial ; and as the jury likewise participated in that misconduct, under circumstances which may and probably did influence their opinions, the verdict should not be permitted to stand.
It is true had this misconduct been known to Lawless before the adjournment of the court at the term the verdict was obtained, he should have then applied for, a new trial ; and his failure to do so, would not have authorised him afterwards to apply to a court of equb>: ty. But as the fact of after discovery rests within his own knowledge, and is not susceptible of other proof, and as he has expressly.alleged upon oath such a discovery, ⅛ the. absence of all opposing circumstances, that allegation must be considered as true, and consequently received as furnishing a proper casp for the interposition of a court, of chancery.
The court below erred therefore in dismissing Law-Jess’s bill. That decree must consequently be reversed with costs, the cause remanded and the injunction made perpetual, unless Reese will consent to a new trial at law upon Lawless’s paying the costs of the former triaL